United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-33751 |
| FLOOR-TEX COMMERCIAL FLOOR-ING, LLC, | § § | CHAPTER 11 |
| | § | |
| Debtor. | § | |
| | § | |
| RUBBER FLOORING SYSTEMS, INC., | § § | |
| Plaintiff, | § § | |
| VS. | § | ADVERSARY NO. 22-3005 |
| | § | |
| FLOOR-TEX COMMERCIAL FLOOR-ING, LLC and BRUCE REYES, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

The instant litigation will be remanded to state court because this Court must mandatorily abstain in deference to the state court. Additionally, weighing the factors established in this Circuit, equitable remand is also appropriate. On April 5, 2022, the Court heard oral argument on whether the removed action should be remanded to state court. After considering the pleadings on file, oral arguments of counsel, and applicable law, the Court concludes that the removed action will be remanded to state court for adjudication.

### I. BACKGROUND

1. From 2018 to at least 2019, Rubber Flooring Systems, Inc. ("*RFS*" or "*Plaintiff*") provided material and labor to Floor-Tex Commercial Flooring, LLC ("*Floor-Tex*" or "*Debtor*").[1]

---
[1] ECF No. 4 at 2, ¶ 3.

2. On March 2, 2021, RFS filed its Original Petition against Floor-Tex, Doris Springer ("*Springer*"), and Bruce Reyes ("*Reyes*") (collectively, "*Defendants*").[2] In its Original Petition, RFS asserted claims of breach of contract against Floor-Tex and violations of the Construction Trust Fund Act under the Texas Property Code against all Defendants ("*State Court Action*").[3]

3. On March 29, 2021, RFS filed its Amended Original Petition against all Defendants asserting claims of breach of contract against Floor-Tex and violations of the Construction Trust Fund Act under the Texas Property Code against all Defendants.[4]

4. On April 26, 2021, Reyes filed his original answer and cross claim in the State Court Action.[5]

5. On November 29, 2021, Reyes filed his First Amended Crossclaim against Springer claiming Springer agreed to defend, indemnify, and hold harmless Reyes from any claims arising out of Reyes' prior interest in Floor-Tex.[6] Reyes sought a declaratory judgment based on Article 6 of the Purchase and Sale Agreement under which Springer purchased Defendant Reyes' ownership interest in Floor-Tex dated September 30, 2019.[7]

6. On November 19, 2021, Floor-Tex filed a Chapter 11 petition ("*Petition*").[8] On January 7, 2022, Springer removed *Rubber Flooring Systems Inc., v. Floor-Tex Commercial Flooring, LLC, Doris Springer and Bruce* Reyes; Case No 21-CV-0285 ("*Removed Action*") from the 122nd Judicial District Court of Galveston County, Texas ("*State Court Suit*")[9] to this Court.

7. On January 5, 2022, Debtor and co-defendant Springer filed a purported Notice of Removal in the main Chapter 11 case without docketing the matter as an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure 7001(10).[10]

8. On January 7, 2022, this Court entered an order striking the defective January 5 notice of removal.[11] The same day, <u>only co-defendant</u> Springer filed another Notice of Removal with respect to the State Court Suit, initiating the above-captioned adversary proceeding.[12]

---

[2] ECF No. 1-2.
[3] *Id.*
[4] ECF No. 1-2 at 12.
[5] ECF No. 6 at 2.
[6] ECF No. 6-2.
[7] *Id.*
[8] Citations to the docket in this adversary proceeding styled *Rubber Flooring Systems, Inc*. vs. *Floor Tex Commercial Flooring, LLC and Bruce Reyes*  22-3005 (the "*Adversary Proceeding*"), shall take the form "ECF No. —," while citations to the bankruptcy case, 21-33751 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. —."; Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
[9] ECF No. 1.
[10] Bankr. ECF No. 59.
[11] *See* Bankr. ECF No. 61.
[12] See. Bankr. ECF No. 62.

9. On February 4, 2022, RFS filed a single pleading self-styed as "Plaintiff's Motion for Abstention or Equitable Remand"[13] ("*Plaintiff's Motion to Remand*"). On the same date, Reyes filed "Defendant Reyes' Motion to Remand"[14] ("*Reyes' Motion to Remand*").

10. On April 4, 2022, Debtor filed its "Response of Floor-Tex Commercial Flooring, LLC to Motion to Remand of Defendant Rubber Flooring Systems, Inc"[15] ("*Response*").

## II.   ANALYSIS

The two pending matters before the Court are Plaintiff's Motion to Remand and Reyes' Motion to Remand. Plaintiff's Motion to Remand argues that the State Court Action should be remanded because (1) mandatory abstention applies; and (2) permissive withdrawal/equitable remand is warranted.[16] Reyes' Motion argues only for permissive withdrawal/equitable remand.[17] The Court will discuss each of the two remand arguments in turn.

### A.  Whether mandatory abstention applies

Plaintiff asserts that mandatory abstention applies to this case because the dispute involves only claims for of breach of contract against Debtor and violations of the Construction Trust Fund Act under the Texas Property Code against all Defendants, rendering this a non-core proceeding subject to mandatory abstention.[18]

Bankruptcy courts are courts of limited jurisdiction and are competent to hear cases arising in, arising under, or related to title 11.[19] Mandatory abstention, which is defined by statute, marks the boundaries where a bankruptcy court may exercise this jurisdiction and requires that a court remand a proceeding in cases where:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title

---

[13] ECF No. 4.
[14] ECF No. 6.
[15] ECF No. 25.
[16] ECF No. 4.
[17] ECF No. 6.
[18] 20-3395, ECF No. 12 at 8.
[19] 28 U.S.C. §§ 157(a), 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473 (2011).

11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[20]

The Fifth Circuit has interpreted this statute to require mandatory abstention when: "(i) the claim has no independent basis for federal jurisdiction other than § 1334(b); (ii) the claim is a non-core proceeding . . . ; (iii) an action has been commenced in state court; and (iv) the action could be adjudicated timely in state court."[21]  The Court will consider each in turn.

    i. **Whether the claims have an independent basis for federal jurisdiction other than § 1334(b)**

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  The claims here have no independent basis for federal jurisdiction other than 28 U.S.C. § 1334(b).  This case presents no federal question and diversity jurisdiction is not available.  Further, the claims asserted in the underlying matter are for breach of contract and violations of the Texas Property Code.  "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of the Bankruptcy Code.[22]  "Arising in" jurisdiction is not based on rights created under title 11, but is based on claims that have no existence outside of bankruptcy.[23]  The claims here are not created or determined by the Bankruptcy Code and as state law claims, could exist outside of bankruptcy.  Therefore, 28 U.S.C. § 1334(b) provides the only basis for removal because the claims neither arise under nor arise in Title 11, these claims are simply "related to" the Chapter 11 bankruptcy case.

---

[20] 28 U.S.C. § 1334(c).
[21] *In re Moore*, 739 F.3d 724, 728–29 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007)); *see also In re Chapman*, 2018 WL 4620719, at *4 (Bankr. S.D. Tex. June 8, 2018).
[22] *Legal Xtranet, Inc. v. AT&T Mgmt. Servs., L.P. (In re Legal Xtranet, Inc.)*, 453 B.R. 699 (Bankr. W.D. Tex. 2011).
[23] *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (Bankr. E.D. Tex. 2001).

Accordingly, Plaintiff's claims have no independent basis for federal jurisdiction other than § 1334(b).

### ii.   Whether Plaintiff's claims are non-core

This case does not present core matters under 28 U.S.C. § 157(b).  Civil proceedings that arise under title 11 or arise in cases under title 11 are deemed "core" matters, while civil proceedings that are related to a title 11 case are deemed "non-core" matters.[24]  A proceeding is core under § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[25]  Simply stated, state law claims that do not depend on title 11 for their existence are not core claims.[26]

Here, Debtor argues that the claims asserted are core pursuant to §§ 157(b)(2)(A) and (B).[27]  However, § 157(b)(2)(A) does not apply because the underlying claims do not concern the administration of the bankruptcy estate as contemplated by the statute.  Courts in this District have cautioned against treating any proceeding that affects the estate or its administrations as core because otherwise, the entire range of proceedings under bankruptcy jurisdiction would then fall within the scope of core proceedings.[28]  Here, the outcome of who prevails in the State Court Suit could certainly affect the administration of the Debtor's estate, but it "is not of a nature that could only arise in a bankruptcy case"; thus, it is assuredly related to the Debtor's pending Chapter 11 bankruptcy but it is not a core proceeding.  As in *Bluebonnet*, the claims at issue in this case simply present too tenuous a connection to be deemed core under § 157(b)(2)(A).[29]

---

[24] *In re Houston Bluebonnet, LLC*, Case No. 16-34850, 2016 Bankr. LEXIS 4166 at *12 (Bankr. S.D. Tex. 2016); s*ee also In re Legal Xtranet, Inc.*, 453 B.R. at *704.
[25] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).
[26] *Bluebonnet,* 2016 Bankr. LEXIS 4166 at *11.
[27] ECF No. 25 at 2, ¶ 15.
[28] *Bluebonnet,* 2016 Bankr. LEXIS 4166 at *11-12.
[29] *Id.*

Next, Debtor's § 157(b)(2)(B) argument also fails. The claims allowance process described in § 157(b)(2)(B) does not apply because a claim in bankruptcy against the estate, as envisioned under § 157(b)(2)(B), is instituted by filing a proof of claim as provided in the Federal Rules of Bankruptcy Procedure.[30] Here, Plaintiff has not filed a proof of claim,[31] so § 157(b)(2)(B) cannot be invoked.

Accordingly, Plaintiff's claims are non-core.

### iii. Whether the State Court Action was initially commenced in state court

On March 2, 2021, Plaintiff filed its Original Petition against Debtor, Springer, and Reyes in the district court of Galveston County, Texas asserting claims for breach of contract against Debtor and violations of the Construction Trust Fund Act under the Texas Property Code against all Defendants.[32] Several months later, on November 19, 2021, Debtor filed a Chapter 11 petition.[33] The Original Petition in district court in Galveston County, Texas was not removed to this Court until January 7, 2022.[34]

Accordingly, the State Court Action was initially commenced in state court.

### iv. Whether the State Court Action can be timely adjudicated in state court

To establish that the case can be timely adjudicated in state court, the movant need not show that the action can be adjudicated *more quickly* in state court; rather the movant must merely establish that the action simply can be adjudicated timely in state court.[35] While the movant must make more than a naked assertion that the claims can proceed in a timely manner in state court,

---

[30] *See* FED. R. BANKR. P. 3001 & 3002.
[31] *See* 21-33751.
[32] ECF Nos. 1, 2.
[33] Bankr. ECF No. 1.
[34] *Id.*
[35] *In re Mugica*, 362 B.R. 782, 793 (2007); *J.T. Thorpe Co. v. Am. Motorists*, CIV.A.H-02-4598, 2003 WL 23323005, at *3; *Massey Energy*, at *352; *WRT Creditors Liquidation Trust v. CIBC Oppenheimer Corp.*, 75 F. Supp. 2d 596, 605 (1999).

the movant can demonstrate "that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case."[36] Applying this analysis, courts have held that evidence of the state court entering orders to keep the case moving forward, such as scheduling orders and a discovery control plan, qualified as evidence that the state court was familiar with the case and it could be adjudicated in a timely manner.[37]

The State Court Action can be adjudicated timely in state court. This case was pending in state court for about 10 months before it was removed to federal court.[38] In this time, all defendants filed answers,[39] Reyes filed a crossclaim against Springer, and the state court issued a docket control order, setting trial for April 18, 2022.[40] While the Debtor's Chapter 11 filing and the removal of this case will likely result in a modified scheduling order post-remand, the state court has obvious familiarity with the lawsuit, and it has undertaken acts sufficient to demonstrate that the case can be timely adjudicated under applicable mandatory abstention caselaw.[41]

Accordingly, the State Court Action can be timely adjudicated in state court.

As detailed above, Plaintiff's case satisfies each factor required for mandatory abstention. There is no independent basis for the state law claims except under § 1334(b), the claims are non-core, the action was initially commenced in state court, and the action can be adjudicated timely in state court.

Accordingly, this case is subject to mandatory abstention because the claims satisfy each requirement under § 1334(c)(2).

**B. Whether permissive abstention and/or equitable remand is warranted in this case**

---

[36] *In re Doctors Hosp. 1997, L.P.*, 351 B.R 813, 846 (Bankr. S.D. Tex. 2006), n. 29 (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. at *782-83); *J.T. Thorpe Co.*, 2003 WL 23323005, at *3-4).
[37] *J.T. Thorpe Co.*, 2003 WL 23323005, at *3; *Bluebonnet*, 2016 Bankr. LEXIS 4166 at *15-16.
[38] ECF No. 1.
[39] ECF No. 1 at 4, 5.
[40] *Id.* at 4.
[41] *See In re Doctors Hosp. 1997, L.P.*, 351 B.R. at 846; *J.T. Thorpe Co.*, 2003 WL 23323005, at *3-4.

Alternatively, Plaintiff requests that this Court remand the State Court Action based upon § 1334(c)(1) and § 1452(b) under the doctrine of equitable remand even if jurisdiction exists.[42] This court has broad discretion to abstain from hearing a matter if "in the interest of justice, or in the interest of comity with State courts or respect for State law."[43] Similarly, 28 U.S.C. § 1452(b) instructs that a removed claim or cause of action may be remanded on any equitable ground. "Because the statutes are similar in purposes, the circumstances which weigh in favor of discretionary abstention weigh in favor of or constrain remand under § 1452(b)."[44] Section 1334(c) is similar to § 1452(b), "as both favor comity and the resolution of state law questions by state courts."[45] "Because the two are similar in purpose, factors which weigh in favor of [permissive] abstention . . . under § 1334(c) will also weigh in favor of equitable remand under § 1452(b)."[46]

In determining whether to grant an equitable remand, this Court in *In re Montalvo* previously adopted two sets of factors.[47] The first set of factors consider whether the Court should remand or abstain and include:

1. the convenience of the forum;
2. the presence of non-debtor parties;
3. whether the case should be tried as a whole in state court;
4. the duplicative and uneconomic effect of judicial resources in two forums;
5. the lessened possibility of inconsistent results;
6. whether the state court would be better able to handle issues of State law;
7. the expertise of the Bankruptcy Court;
8. the degree of relatedness or remoteness to the main bankruptcy case;
9. prejudice to involuntarily removed parties;
10. whether the case involves forum shopping;
11. the burden on the Bankruptcy Court's docket; and

---

[42] ECF No. 4 at 8.
[43] 28 U.S.C. § 1334(c)(1), *see also Stern v. Marshall,* 564 U.S. 462, 502, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).
[44] *In re Heritage Southwest Medical Group, P.A.,* 423 B.R. 809, 815 (Bankr. N.D. Tex. 2010).
[45] *In re Montalvo,* 559 B.R. 825, 836-37 (Bankr. S.D. Tex. 2016); *J.T. Thorpe Co. v. Am. Motorists,* 2003 WL 23323005, at *1, *6 (S.D. Tex. June 6, 2003); *see also In re Ramirez,* 413 B.R. 621, 632 (Bankr. S.D. Tex. 2009).
[46] *Id.*
[47] *In re Montalvo,* 559 B.R. 825, 836 (Bankr. S.D. Tex. 2016); *see also In re Treyson Dev., Inc.,* No. 14–70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016).

12. considerations of comity.[48]

### 1. The convenience of the forum

Here, all parties and property are located in either Galveston or Harris County. Thus, the first factor weighs against remand as all parties are located within the Houston Division of the Southern District of Texas.

The first factor weighs against remand.

### 2. The presence of non-debtor parties

The Removed Action primarily includes claims asserted by and against non-debtors. Further, Plaintiff has not filed a proof of claim. Where, as here, a removed action includes non-debtors and the Plaintiff has not filed a proof of claim, "Bankruptcy Courts in the Southern District of Texas typically find such a situation to favor abstention and remand."[49]

Accordingly, the second factor weighs in favor of remand.

### 3. Whether the case should be tried as a whole in state court

The third factor is whether the case should be tried as a whole in state court. The specific causes of action asserted all constitute claims rooted in Texas state law and therefore could be tried as a whole in state court. However, these causes of action are not novel issues of state law, but are common claims that come before this Court.

Accordingly, the third factor is neutral.

### 4. The duplicative and uneconomic effect of judicial resources in two forums

---

[48] *Id.* at 836 (*citing Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984), and *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)).
[49] *Bluebonnet*, 2016 Bankr. LEXIS 4166 at *20; *In re Hallwood Energy, L.P.*, 2009 Bankr. LEXIS 2398, 2009 WL 2601294, at *11 (Bankr. S.D. Tex. Aug. 24, 2009).

This case was pending in state court for about 10 months before it was removed to federal court.[50] In this time, all defendants filed answers,[51] Reyes filed a crossclaim against Springer, and the court issued a docket control order, setting trial for April 18, 2022.[52]

Accordingly, the fourth factor weighs in favor of remand.

### 5. The lessened possibility of inconsistent results

Having the state court adjudicate these issues which are solely based on state law would lessen the possibility of inconsistent results, but the claims in this case are not novel and could as efficiently be tried before this Court.

Accordingly, the fourth factor is neutral.

### 6. Whether the state court would be better able to handle issues of State law

The sixth factor is whether the state court would be better able to handle issues of state law. This Court is well equipped to adjudicate claims for breach of contract against and violations of the Construction Trust Fund Act under the Texas Property Code.

Accordingly, the sixth factor is neutral.

### 7. The expertise of the Bankruptcy Court

Regarding the expertise of the bankruptcy court, the seventh factor, this Court is well-equipped to adjudicate this matter. The undersigned Judge has a wealth of experience in adjudicating adversary proceedings and there is no evidence demonstrating that this Court cannot resolve the matter as easily as the state court.

Accordingly, the seventh factor is neutral.

### 8. The degree of relatedness or remoteness to the main bankruptcy case

---

[50] ECF No. 1.
[51] ECF No. 1 at 4, 5.
[52] *Id.* at 4.

The State Court action is based solely on non-core state law claims. Abstention and remand will have little to no impact on the Chapter 11 case.

Accordingly, the eighth factor weighs in favor of remand.

### 9. Prejudice to involuntarily removed parties

As for the ninth factor, Reyes alleges that if the State Court Action is not remanded, he will be prejudiced by having to hire bankruptcy counsel to pursue his crossclaim against Springer in the adversary proceeding.[53] Debtor denies these allegations[54] but offers no argument as to its basis for doing so.

Accordingly, the ninth factor weighs in favor of remand.

### 10. Whether the case involves forum shopping

The tenth factor is whether the case involves forum shopping. Forum-shopping raises fairness concerns, as "it is unfair for a party to have a better chance of winning the case because of the forum when the underlying law should be the same."[55] Plaintiff argues that the fumbled first removal attempt by Debtor and Springer and the subsequent notice of removal filed by Springer alone (Debtor's authorized representative and insider), reflect an obvious attempt by Springer to take advantage of the Debtor's bankruptcy without seeking bankruptcy relief in her own right.[56] Debtor denies this allegation but offers no argument as to why.[57]

Accordingly, the tenth factor weighs in favor of remand.

### 11. The burden on the Bankruptcy Court's docket

---

[53] ECF No. 4 at 4.
[54] ECF No. 25 at 4, ¶ 40.
[55] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *16 (W.D. Tex. Nov. 9, 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74-75 (1938).
[56] ECF No. 4 at 12, ¶ 36.
[57] ECF No. 25 at 4, ¶ 36.

The eleventh factor is the burden on the Bankruptcy Court's docket. Although the burden on this Court's docket is always a relevant consideration, a state court docket is just as likely to bear this burden, and there is no evidence in the record indicating that this Court's docket is overly burdened.

Accordingly, the eleventh factor is neutral.

**12. Considerations of comity**

Lastly, the twelfth factor considers comity. Abstention and remand would foster comity with the state court. The statute under which Plaintiff asserts claims against Springer and Reyes exists under the Texas Property Code and was enacted for the purpose of protecting subcontractors such as Plaintiff. The state has a strong interest in deciding these claims to ensure that the enactment of its laws and statutes are upheld and executed. Given the nature of the state law causes of action asserted in this case, this case should proceed in state court.[58]

Accordingly, the twelfth factor weighs in favor of remand.

In the case at bar, factors two, four, eight, nine, ten, and twelve favor abstention or equitable remand; factor one weighs against abstention or equitable remand and factors three, five, six, seven, and eleven are neutral. As such, six out of the twelve factors favor abstention or equitable remand and only one weighs against abstention or equitable remand. Additionally, and as pointed out in *In re Montalvo*, a second set of factors also apply when considering equitable remand:[59]

1. forum non conveniens;
2. whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;
3. whether the state court has greater ability to respond to questions of state law;
4. the particular court's expertise;
5. the inefficiencies of proceedings in two forums;
6. prejudice to the involuntarily removed party;

---

[58] *In re Montalvo*, 559 B.R. at *836-38 (permissive abstention and equitable remand "both favor comity and the resolution of state law questions by state courts").
[59] *Id.*

7. comity; and
8. possibility of an inconsistent result.[60]

With regard to the second set of factors for equitable remand, there is certainly overlap between the first and second sets of factors for equitable remand. The Court determines that factors one, three, four, six, seven, and eight are sufficiently discussed above. Of these, only factor one weighs against remand while factors six and seven weigh against remand. Factors three, four, and eight are neutral. The second factor weighs against remand because there is no evidence demonstrating that the case was bifurcated during removal. However, factor five weighs in favor of remand because the causes of action asserted all constitute claims rooted in Texas state law and therefore could be tried as a whole in state court. These claims were ten months into litigation when this case was removed, and the state court would be well suited to handle this matter. Therefore, it would not be ineffective to proceed in two forums and the fifth factor weighs in favor of remand. In sum, the majority of the first and second set of factors weigh in favor of abstention and/or equitable remand.

Accordingly, abstention and/or equitable remand is appropriate if mandatory abstention does not apply.

### III. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED April 11, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[60] *Id.*